## Jim Volin, Appellee, v. St. Louis & O'Fallon Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Jim Volin, plaintiff, against St. Louis & O'Fallon Coal Company, defendant, to recover damages for personal injuries received while working as a miner in defendant's coal mine. From a judgment for plaintiff for $1,100 and costs, defendant appeals.

BARTHEL, FARMER & KLINGEL, for appellant.

SCHAEFER & KRUGER and T. R. MOULD, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1411*—*when verdict on conflicting evidence will not be disturbed.* In an action by a mine employee for damages for personal injuries, *held* that the finding of the jury that certain props required for the support of a roof in a mine were not furnished should not be disturbed, where the evidence was sharply conflicting, if not against the manifest weight of evidence.

2. DAMAGES, § 120*—*when verdict for personal injuries not excessive.* Where, in an action for damages for injuries to a workman, the evidence showed four fingers of his left hand were so fractured that he could only close that hand halfway and could not hold anything tight and that his left hip was permanently fractured, and that he lost two months from work, *held* a verdict for $1,100 was not excessive.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. WORKMEN'S COMPENSATION ACT—*when certificate as to filed notice of employer's election not to come under is sufficient.* A certificate by the secretary of the Industrial Board as to a notice filed with said board of an employer's election under the Workmen's Compensation Act, which describes said secretary as custodian and keeper of the files, records and documents of said board but does not specifically state he was custodian and keeper thereof, is a sufficient compliance with section 16, ch. 51 of the Statutes (J. & A. ¶ 5533), requiring a statement in any such certificate that the officer is the keeper of such files, etc.

4. EVIDENCE, § 125*—*when witness may testify as to contents of posted notice.* A witness is not prohibited from testifying as to the contents of a notice that has been posted, especially where it has become dimmed and destroyed.